351 So.2d 58 (1977)
The CLEVELAND TRUST COMPANY, a Corporation, Appellant,
v.
OUSLEY SOD COMPANY, a Florida Corporation, Acme Sheet Metal Specialties, Inc., et al., Appellees.
No. 76-676.
District Court of Appeal of Florida, Fourth District.
October 4, 1977.
Rehearing Denied November 9, 1977.
Lewis I. Horwitz and Richard D. Rosen of Broad & Cassell, Bay Harbor Islands, for appellant.
Arthur R. Pulskamp, Deerfield Beach, for appellee Ousley Sod Co.
William H. Lefkowitz of Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for appellee Acme Sheet Metal Specialties, Inc.
DAUKSCH, Judge.
Cleveland Trust Company appeals the Summary Final Judgment of foreclosure of a mechanic's lien claimed by Ousley Sod Company against property owned by Cleveland Trust Company.
The issue raised by this appeal is whether the recording of a notice of lis pendens in a mortgage foreclosure action and a subsequent judicial sale bars enforcement of a mechanic's lien which was unrecorded at the time the notice of lis pendens was filed.
On March 7, 1973, a mortgage on the subject property was recorded by the mortgagee, Leader Mortgage Company. On July 3, 1973, the owner's notice of commencement was recorded. Approximately *59 one year later, the owner defaulted in its mortgage payments and the mortgagee filed a complaint in foreclosure and a notice of lis pendens on July 11, 1974. On August 19, 1974, Ousley Sod Company recorded its claim of lien against the property. Leader Mortgage Company assigned the note and mortgage to Cleveland Trust Company. A Final Judgment of foreclosure in favor of Cleveland Trust was entered on January 20, 1975. On February 3, 1975, the property was sold at a judicial sale to Cleveland Trust Company. In March, 1975, Ousley Sod Company filed this suit to foreclose the mechanic's lien it claimed against the subject property. Summarizing the relevant dates:

 March 7, 1973  Mortgage recorded.
 July 3, 1973  Notice of commencement
 recorded.
 July 11, 1974  Foreclosure complaint
 filed and notice of lis
 pendens recorded.
 August 19, 1974  Claim of lien recorded.
 August 20, 1974  Mortgage and note assigned
 to Cleveland
 Trust.
 January 20, 1975  Final Judgment of foreclosure.
 February 3, 1975  Property sold.
 March, 1975  Mechanic's lien foreclosure
 suit filed.

Ousley Sod Company was not joined as a party to the mortgage foreclosure action.
Cleveland Trust Company contends that the lower court should have found that Ousley's claim of lien was barred and discharged by the operation of the lis pendens statute since the claim of lien was unrecorded at the time the notice of lis pendens was filed. Ousley Sod Company says that its claim of lien "relates back" to the notice of commencement under Section 713.07(2), Florida Statutes (1975). As a result, its claim of lien is deemed to have been recorded at the time the notice of commencement was recorded.
We find that Section 713.07(2), Florida Statutes (1975), is not applicable and that the lis pendens barred the enforcement of Ousley Sod Company's claim of lien. Accordingly, the Summary Final Judgment of foreclosure is reversed.
The Florida lis pendens statute, Section 48.23(1)(b), Florida Statutes (1975), provides that the recordation of a notice of lis pendens bars the enforcement against the property described in the notice "of all liens ... unrecorded at the time of filing for record such notice of lis pendens unless the holder of any such unrecorded lien shall intervene in such proceedings within 20 days ..." It is undisputed that Ousley Sod Company's claim of lien was not recorded at the time the mortgagee's notice of lis pendens was filed. Ousley Sod Company took no steps to intervene in the mortgage foreclosure proceedings. Therefore, looking solely to the lis pendens statute, Ousley Sod Company's claim of lien was barred from enforcement.
We now turn to the Florida Mechanics' Lien Law, and particularly to Section 713.07(2), Florida Statutes (1975), the "relation back" statute, to determine if there is any statutory provision which would save Ousley Sod Company's claim of lien from the operation of the lis pendens statute.
Section 713.07(2), Florida Statutes (1975) provides:
"Liens under ss. 713.05 [Liens of persons in privity] and 713.06 [Liens of persons not in privity] shall attach and take priority as of the time of recordation of the notice of commencement, but in the event a notice of commencement is not filed, then such liens shall attach and take priority as of the time the claim of lien is recorded."
We note that this statute is concerned only with the priority of liens. It makes no reference to the acquisition or perfection of a claim of lien. Section 713.05, Florida Statutes (1975), provides that the type of lien at issue here, a lien claimed by a person in privity with the owner, is acquired when a claim of lien is recorded. A lien is perfected by recording a claim of lien in the manner and form set forth in Section 713.08, Florida Statutes (1975). Since acquisition and perfection of a lien are accomplished by the same process, recordation *60 of a claim of lien, it appears that the two terms are synonymous. It follows that the date of acquisition or perfection of the lien is the date of recordation of the claim of lien.
The "relation-back" concept comes into play when the mechanic lienor seeks to foreclose his claim of lien or to assert the priority of his claim of lien in a foreclosure action initiated by another claimant. The relation-back provision of Section 713.07(2), Florida Statutes (1975), protects mechanic lienors from encumbrances or interest acquired in the property after the notice of commencement has been recorded. See 1 Rakusin, Florida Mechanics' Lien Manual, § 6.02(B) (1974). However, if the mechanic's claim of lien is unenforceable for any reason, there is no need to determine priorities and, in fact, there is no lien to relate back to the notice of commencement. Thus, the "relation-back" concept presumes the acquisition or perfection of a claim of lien which is presently valid and enforceable.
We find there is no conflict between the operation of the lis pendens statute and the relation-back provision of Section 713.07(2), Florida Statutes (1975). The former is concerned with the enforceability of a lien recorded after the notice of lis pendens is filed; the latter is concerned with the priority of a valid lien which is presently enforceable.
Had Ousley Sod Company sought to intervene in the mortgage foreclosure action within 20 days of the filing of the notice of lis pendens, its lien may have been determined to be valid and enforceable. If so, the relation-back provision of Section 713.07(2), Florida Statutes (1975), would be applied to determine the priority of Ousley Sod Company's claim of lien with respect to other claimants. However, since Ousley Sod Company failed to comply with the requirements of the lis pendens statute, its claim of lien became unenforceable and the relation-back provision was never activated.
REVERSED and REMANDED with direction to enter summary judgment for Appellant.
DOWNEY, J., and BERANEK, JOHN R., Associate Judge, concur.